# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

BROOKE MADDEN, )
 )
 )
Plaintiff, )
v. ) Case No. CIV-19-1178-G
 )
ELARA CARING, LLC )
 )
Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Brooke Madden ("Plaintiff"), for her cause of action against Defendant Elara Caring, LLC ("Defendant"), and pursuant to Fed.R.Civ.P.15(a)(1)(B) pleads as follows:

## THE PARTIES

1. At all relevant times, the Plaintiff is an adult female resident of Grady County, Oklahoma.

2. At all relevant times herein mentioned, Defendant is an Oklahoma limited liability company doing business in various counties in Oklahoma including Grady County, Oklahoma.

## JURISDICITON AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331. This action is authorized and instituted pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42

1

U.S.C. § 2000e-5(f)(3).

4. Venue is proper in the Western District of Oklahoma in that the employment practices hereinafter alleged to be unlawful were committed in the Western District of Oklahoma pursuant to 28 U.S.C. Section 1391(c).

5. Plaintiff's claims are for pregnancy (gender) discrimination and retaliation after Plaintiff notified Defendant she was pregnant, in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act (OADA) 25 O.S. § 1110-1706.

## FACT ALLEGATIONS

6. Plaintiff began her employment with Defendant in December 2016 as a Sales Representative. She worked a territory that included Grady, McClain, Comanche, Caddo, Stephens and Cleveland counties, all within approximately one hour from her home base office. Plaintiff met with physicians, hospitals and medical facilities facilitating home health and hospice referrals on a daily basis. Plaintiff was paid a base salary, but also received a substantial bonus for referrals based upon quotas.

7. Prior to December 2017, Plaintiff was exceeding sales goals and had solid relationships with her referrals sources. In addition, she was ranked as the top salesperson in Oklahoma and top 5 for a 4-state area. She had good relationships with her peers and supervisors.

2

8. In December 2017, Plaintiff notified her Supervisor, Kirk Burgess, that she was pregnant and due June 2018.

9. Plaintiff's pregnancy did not require any significant alteration or accommodations to her work schedule or responsibilities and Plaintiff continued to meet and/or exceed sales quotas.

10. Beginning in January 2018, Plaintiff noticed that her quota was being figured incorrectly and her bonus payments were being underpaid. Plaintiff notified her supervisor, Kirk Burgess and the January payment was corrected but the miscalculations continued for the months of April, May, September and October, which were never corrected, nor paid by Defendant.

11. In May 2018, Plaintiff worked with other Elara Sales Representatives to develop a plan to cover her territory in her absence and during her maternity leave by working with another sales representative, Brooke Rainey ("Rainey"), that served a territory nearby. Plaintiff introduced Rainey to all key referral sources within the territory and developed an eight-page informational packet detailing each key account as a reference.

12. June 1, 2018, was Plaintiff's last day of work prior to taking maternity leave. Plaintiff provided Rainey with the reference information and discussed key accounts.

13. On June 5, 2018, Plaintiff received a call from Rainey stating Area Manager,

Sonny Jacks, had called to inform her that his daughter, Jaycie Jacks, would be taking Plaintiff's area and Rainey's assistance was no longer needed.

14. On August 27, 2018, Plaintiff returned from maternity leave and received notice of a meeting with Area Manager Stephen Brown ("Brown"). Plaintiff met with Brown and was informed that all of Plaintiff's key accounts that she had worked to develop over the previous two years, would be transferred to another sales representative and Plaintiff would be working with a much smaller number of accounts located approximately 1.5 hours outside her normal territory. During the conversation Brown told Plaintiff, "you are getting screwed because you had a baby."

15. On August 28, 2018, Plaintiff began visiting key accounts informing them of the change and attempting to maintain referrals. Several referral sources voiced concern and asked if they could request Plaintiff be reinstated in the area.

16. Plaintiff began working the new territory, but was unable to meet the quota goals that she previously met and Plaintiff's bonus compensation dropped to zero.

17. Plaintiff was to meet with Brown for a 30-day follow-up to discuss the movement of accounts and Plaintiff's new territory on September 27, 2018, but Brown postponed the meeting.

18. On October 4, 2018, Plaintiff received a text message from Brown stating she needed to meet with Oklahoma Vice President of Sales, Megan McFarland

("McFarland"), later that morning. During the meeting, McFarland informed Plaintiff that Plaintiff was again being assigned to a new territory which would be in the Woodward, OK area. This new territory would be three hours from the old territory and a six-hour per day round-trip drive.

19. Defendant was not currently marketing the Woodward area and did not have any developed referral sources in the area. In addition, Defendant was unable to serve patients in the area due to the area's distance from clinicians.

20. Plaintiff submitted a grievance to Human Resources, as well as reached out to the Vice President of Sales and Marketing, Greg Otis, and Regional Vice of Sales Carrie Spires, requesting review of the territory move, but Plaintiff received no response.

21. Defendant never provided a reason as to why Plaintiff was moved to a territory across the state that was undeveloped and stood no chance for success.

22. After receiving no response or support from Human Resources or Sales Management, Plaintiff resigned November 19, 2018, unable to keep up the daily six-hour drive to her new territory and maintain Defendant's quota expectations.

23. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on February 12, 2019, and the EEOC issued its Dismissal and Notice of Rights Letter on October 23, 2019.

24. The Defendant employed at least fifty employees within seventy-five road miles

of the Plaintiff's work-site for at least twenty weeks of the current or proceeding year, such that it is an employer subject to the Title VII and the FMLA. There is no minimum employee requirement to proceed under the OADA.

## FIRST CAUSE OF ACTION - VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR GENDER DISCRIMINATION AND PREGNANCY DISCRIMINATION

Plaintiff incorporates the above allegations and further pleads:

25. At all relevant times, Plaintiff was a pregnant female, and a member of a class protected by Title VII of the 1964 Civil Rights Act, as amended and the OADA.

26. Defendant was, and now is an "employer" within the meaning of Title VII of the 1964 Civil Rights Act, as amended, and did and now does employ more than 15 persons.

27. The Pregnancy Discrimination Act primarily prohibits discrimination on the basis of pregnancy as a medical condition and establishes that pregnant employees should be treated like other employees similar in their ability or inability to work for all employment-related purposes.

28. As stated herein, Plaintiff was treated differently because of her pregnancy and was forced into resigning from her employment soon after Defendant learned of her pregnancy although she had no medical restrictions from her physician.

29. As a direct and proximate result of Defendant's discriminatory treatment and actions herein above alleged in violation of Title VII of the 1964 Civil Rights Act, as amended, and the OADA, Plaintiff has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, as well as damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life. Plaintiff seeks all of the relief afforded by Title VII of the 1964 Civil Rights Act, as amended, including economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

30. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of punitive damages under federal law. Plaintiffs further seek punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

31. Plaintiff is also entitled to an award of attorneys' fees and costs.

32. Plaintiffs have complied with all of the administrative requirements prior to filing this action, and this action has been filed within ninety (90) days from the issuance of the letter by the Equal Employment Opportunity Commission of its Notice of Suit Rights.

WHEREFORE, Plaintiff demands and prays against Defendant as follows:

(1) That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of Title VII of the 1964 Civil Rights Act, as amended and the OADA.

(2) That Defendant be ordered to make Plaintiff whole by providing unpaid earned bonus compensation, back pay, front pay, compensation for mental pain and suffering and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and loss of enjoyment of life, and any and all other remedies authorized by Title VII of the 1964 Civil Rights Act, as amended, including, but not limited to, punitive damages.

(3) That Defendant is enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended or the OADA.

(4) That Plaintiff be awarded her costs and expenses of this litigation, including reasonable attorney's fees, and expert witness fees; and

(5) That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper and in compliance with Title VII of the 1964 Civil Rights Act, as amended, and the OADA including punitive damages.

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants, and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

Dated this 20th day of December, 2019.

                        Respectfully submitted,

                        /s/ Jamie Martin Caves
                        JAMIE MARTIN CAVES, OBA #18670
                        PARK, NELSON, CAYWOOD & JONES, LLP
                        122 North Fourth Street
                        Post Office Box 968
                        Chickasha, Oklahoma  73023-0968
                        Telephone:  (405) 224-0386
                        Email: jcaves@pncj.com
                        Attorneys for Plaintiff

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED