**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BROOKE MADDEN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     **Case No. CIV-19-1178-G** |
| | ) |
| **ELARA CARING, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Now before the Court is Defendant's Motion to Disqualify Jamie Caves as Plaintiff's Counsel (Doc. No. 22). Plaintiff Brooke Madden has responded in opposition (Doc. No. 25), and Defendant has replied (Doc. No. 26). Having reviewed the parties' submissions, the Court makes the following findings and conclusions.

I.     BACKGROUND

Plaintiff brings this action against her former employer, Defendant Elara Caring, LLC, alleging gender and pregnancy discrimination under Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act. *See* Compl. (Doc. No. 1) ¶¶ 25-32. Plaintiff's sole attorney of record is Jamie M. Caves of the law firm Park, Nelson, Caywood & Jones, LLP. In its Motion, Defendant contends that Ms. Caves' representation of Plaintiff creates an impermissible conflict of interest because Ms. Caves formerly served as Defendant's general counsel. Defendant further contends that Ms. Caves must be disqualified because she is a necessary fact witness at trial.

Ms. Caves served as Vice President of Human Resources and General Counsel to

Alliance Health, Inc. d/b/a Ross Health Care ("Ross") at the time Plaintiff began her employment with that entity in 2016. Pl.'s Resp. at 5; *id.* Ex. 1 (Doc. No. 25-1) at 2. In that capacity, Ms. Caves executed Plaintiff's operative Employment Agreement, dated December 2, 2016. *See* Def.'s Mot. Ex. 2 (Doc. No. 22-2) at 9-10. Ms. Caves was one of only three individuals on Ross's executive team. Pl.'s Resp. at 6. In 2017, Jordan Health Services ("Jordan") acquired Ross. Just prior to the acquisition, Ms. Caves' title at Ross changed to Vice President of Operations. Directly after the acquisition, Ms. Caves became Vice President of Community Care Services of Oklahoma for Jordan. Pl.'s Resp. Ex. 1, at 2-3; Pl.'s Resp. Ex. 2 (Doc. No. 25-2) at 2-3. In May 2018, Jordan merged with Great Lakes Caring and National Home Health Care to form Elara Caring, LLC. Def.'s Mot. at 2; Pl.'s Resp. at 8; *id.* Ex. 4 (Doc. No. 25-4) at 2. Ms. Caves' employment with Elara Caring, LLC ended in June 2018. Plaintiff resigned from Elara Caring in November of that year. Pl.'s Resp. Ex. 1 at 2; Compl. ¶ 22.

Plaintiff filed her Complaint in December 2019, alleging discriminatory conduct occurring throughout 2018. *See* Compl. ¶¶ 10-22. In its Answer, Defendant raised the affirmative defenses of after-acquired evidence and unclean hands, claiming that Plaintiff has violated the non-solicitation and confidentiality provisions of her Employment Agreement. *See* Answer (Doc. No. 9) ¶¶ 40-41.

II.   STANDARD OF DECISION

"A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring).

Motions seeking the disqualification of opposing counsel are "viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016 WL 4734687, at *2 (W.D. Okla. Sept. 9, 2016) (internal quotation marks omitted).

Two sources of authority govern motions to disqualify. First, Courts consider "the local rules of the court in which [the attorneys] appear." *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994). This Court has adopted the Oklahoma Rules of Professional Conduct as the governing standard of attorney conduct. *See* LCvR 83.6(b). Second, motions to disqualify are "decided by applying standards developed under federal law," and are therefore governed "by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (internal quotation marks omitted).

### III. DISCUSSION

Defendant seeks disqualification of Ms. Caves under Rules 1.9 and 3.7 of the Oklahoma Rules of Professional Conduct. These Rules are identical in all meaningful respects to their counterparts in the American Bar Association's Model Rules of Professional Conduct.

#### a. Rule 1.9: Conflict of Interest

Rule 1.9 of the Oklahoma Rules of Professional Conduct states, in pertinent part, that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client

3

gives informed consent, confirmed in writing." Okla. R. Pro. Conduct 1.9(a).[1] Defendant contends that Ms. Caves represented it in the specific matter of Plaintiff's Employment Agreement. Defendant then argues that its affirmative defenses of after-acquired evidence and unclean hands are substantially related to Plaintiff's Employment Agreement because the affirmative defenses are predicated on Plaintiff's alleged violation of its non-solicitation and confidentiality provisions. Defendant argues that, through her role as Ross's General Counsel, Ms. Caves was "privy to confidential information regarding the drafting and enforcement of the employment contracts she executed as Ross's General Counsel, including any arguments pertaining to the enforceability of such contracts." Def.'s Mot. at 5.

> For purposes of Rule 1.9, the scope of a "matter"
>
> depends on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited. On the other hand, a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client. . . . . The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.

Okla. R. Pro. Conduct 1.9 cmt. 2.

Ms. Caves signed Plaintiff's Employment Agreement with the designation "Vice President & General Counsel." Def.'s Mot. Ex. 2, at 9, 10. Ms. Caves, however, denies

---

[1] *See* Okla. Stat. tit. 5, ch. 1, app. 3-A.

4

any involvement in the Agreement beyond serving as the signatory for Ross and attests that Ross's employment agreements were drafted by outside counsel, as identified in Plaintiff's Employment Agreement. *See* Pl.'s Resp. at 5-6 (arguing that "outside counsel was utilized for any legal representation, including the drafting of substantial documents such as the Plaintiff's employment agreement," and those of other sales staff, "as well as, negotiations and legal documents involved in acquisitions"); *id.* Ex. 1, at 2; Def.'s Mot. Ex. 2, at 9. In the present circumstance, the Court concludes that Ms. Caves' involvement in Plaintiff's Employment Agreement was minimal and does not clearly reflect the degree of involvement necessary to preclude her representation of Plaintiff in this action.

Even assuming, however, that by signing the Employment Agreement as Ross's General Counsel, Ms. Caves was "so involved in the matter" that her subsequent representation of Plaintiff "can be justly regarded as a changing of sides," Okla. R. Pro. Conduct 1.9 cmt. 2, the record does not reflect that the matter is "substantially related" to Defendant's affirmative defenses within the meaning of Rule 1.9.

> Matters are "substantially related" for purposes of [Rule 1.9] if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. . . . . Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related. In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation. A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that

> the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

Okla. R. Pro. Conduct 1.9 cmt. 3.

Under this Rule, "a lawyer [may] not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client." *Id.* R. 1.9 cmt. 1. This concept, however, is not easily extended to the present circumstance. Ms. Caves did not draft the Employment Agreement, and Defendant's suggestion that Ms. Caves will challenge its validity or enforceability in response to Defendant's affirmative defenses is purely conjecture. While Ms. Caves' representations to the Court demonstrate that she is privy to general knowledge of Defendant's employment policies and practices, the nature of her former legal services does not suggest a "substantial risk" that she has knowledge of relevant "specific facts" that would "materially advance" Plaintiff's position as to Defendant's affirmative defenses. *Id.* R. 1.9 cmt. 3. Further, it appears that Jordan's acquisition of Ross and subsequent merger with Great Lakes Caring and National Home Health Care resulted in extensive organizational and operational changes, "render[ing] obsolete" much of the confidential information Ms. Caves may have acquired in her capacity as General Counsel for Ross. *Id.*

Accordingly, the Court determines that disqualification is not warranted under Rule 1.9 under the current record.

### b. Rule 3.7: Lawyer as Witness

Rule 3.7 of the Oklahoma Rules of Professional Conduct prescribes that a lawyer

6

generally may not "act as advocate at a trial in which the lawyer is likely to be a necessary witness." Okla. R. Pro. Conduct 3.7(a). For purposes of this Rule, courts narrowly define "necessary witness" to mean "a witness with knowledge of facts 'to which he will be the only one available to testify.'" *Bell v. City of Okla. City*, No. CIV-16-1084-D, 2017 WL 3219489, at *2 (W.D. Okla. July 28, 2017) (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) ("Testimony may be relevant and even highly useful, but still not strictly necessary.")).

Defendant fails to demonstrate that Ms. Caves' testimony is necessary under this standard. Defendant argues that it will likely need to call Ms. Caves as a fact witness because Plaintiff's allegations "potentially challenge operational and compensation practices made while Ms. Caves was a Jordan executive." Def.'s Mot. at 7-8. Defendant's desire to question Ms. Caves on operational decisions does not evince that her testimony on the subject at trial is strictly necessary. Plaintiff has submitted affidavits demonstrating that Ms. Caves, while serving as Jordan's Vice President, was not involved in the operational and compensation decisions at issue in this matter. *See* Pl.'s Resp. Ex. 1, at 3; *id.* Ex. 3 (Doc. No. 25-3) at 2. Nothing before the Court suggests that Ms. Caves is the only witness able to testify about those decisions.

Defendant also points to its affirmative defenses and asserts that Ms. Caves will "be a witness as to the formation, validity, terms, and enforcement of the contract." Def.'s Mot. at 8. As previously discussed, however, Ms. Caves has demonstrated that her involvement in the Employment Agreement was limited to her signature. Even if Ms. Caves had knowledge of relevant facts regarding the Agreement's formation, validity,

7

enforceability, or terms, and even assuming such facts are not protected under privilege doctrines, Defendant fails to demonstrate that Ms. Caves is the only witness who could provide the testimony.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Disqualify Counsel (Doc. No. 22) is DENIED. This ruling, however, is made on the present facts and without prejudice to a subsequent motion raising the same request if circumstances change or new facts are learned.[2]

This matter shall be set for a status and scheduling conference on the Court's next available docket.

IT IS SO ORDERED this 21st day of September, 2021.

CHARLES B. GOODWIN
United States District Judge

---

[2] While Ms. Caves' actual involvement in the matters at issue appears too attenuated to require disqualification, it is possible that this will change as the litigation proceeds – and, thus, that prudent counsel should consider withdrawal now.

8